UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18-81265-CIV-DIMITROULEAS

MELANIE ALLEN,

    Plaintiff,

v.

ROBERT F. DELUCA, M.D., P.A. and
ROBERT F. DELUCA,

    Defendants.
    _____/

## ORDER GRANTING MOTION TO DISMISS

### I.    Intro

THIS CAUSE is before the Court upon Defendants Robert F. Deluca, P.A. and Robert F. Deluca's Motion to Dismiss ("Motion") [DE 18] Plaintiff Melanie Allen's Complaint [DE 1]. The Court has carefully considered Defendant's Motion, Plaintiff's Response [DE 23], Defendant's Reply [DE 26], and is otherwise fully advised in the premises. For the reasons stated herein, the Motion is granted.

### II.    Background

Plaintiff is an employee at Defendants' medical practice. [DE 1] ¶ 8. Plaintiff alleges that Defendants refused to pay her overtime, in violation of the Fair Labor Standards Act ("FLSA"). *Id.* ¶10. Plaintiff seeks relief for unpaid overtime wages under the FLSA. *Id.* Her Complaint does not, however, specify how long Plaintiff worked for Defendants, how many hours per week she worked while employed by Defendant, or any allegations related to the amount of unpaid

overtime. In fact, the Complaint does not even mention what, exactly, Defendants' business does. *See generally id.*

Based on these bare-bone allegations, Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim. [D.E. 18]. The Court agrees that the Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

### III.   Standard of Review

On a motion to dismiss for failure to state a claim, the Court must accept the plaintiff's allegations as true and construe them in its favor. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). And although the plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8, a mere "formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007). Instead, the "allegations must be enough to raise a right to relief above the speculative level," *id.*, and so "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002). That said, so long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss.

### IV.   Discussion

"A Plaintiff wishing to invoke the protections offered by the FLSA must satisfy the requirements for either individual or enterprise coverage." *Diaz v. Jaguar Rest. Grp., LLC*, 649 F. Supp. 2d 1343, 1346 (S.D. Fla. 2009). Plaintiff mentions only enterprise coverage in the Complaint. *See* [DE 1] ¶ 4. Accordingly, to establish enterprise coverage, Plaintiff must allege facts showing that Defendants

> 1) "ha[ve] employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person" and 2) ha[ve] at least $500,000 of "annual gross volume of sales made or business done."

*Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)). Yet, Plaintiff made no attempt at alleging any facts that would establish either one of these two prongs, let alone both.

In fact, all Plaintiff alleged was that Defendants run "an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1)." [DE 1] ¶ 4. But that neither shows that Defendant engaged in commerce (prong 1) nor that Defendant grossed at least $500,000 in annual revenue (prong 2). The Court is thus left to "conclude[] that the allegations in the Complaint in this action regarding enterprise coverage are merely legal conclusions that fail to sufficiently allege subject matter jurisdiction." *Perez v. Muab, Inc.*, 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011) (dismissing a similarly deficient FLSA claim where the plaintiff merely alleged that the defendant "[wa]s an enterprise engaged in an industry affecting commerce, [and] an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the store where [the plaintiff] was employed.").

Without more, Plaintiff has failed to state an unpaid-overtime FLSA claim.

## V.   Conclusion

For the reasons above, it is **ORDERED AND ADJUDGED** that Defendants' Motion [DE 18] is **GRANTED** and Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDUCE.** Plaintiff has until **February 19, 2019** to file an Amended Complaint consistent with this Order.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Florida, this 5th day of February 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

All Counsel of Record