UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MELANIE ALLEN,

       Plaintiff,                          CIVIL ACTION NO.: 9:18-cv-81265-WPD

vs.

ROBERT F. DeLUCA, M.D., P.A. and
ROBERT F. DeLUCA

       Defendant(s).

_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS FOR FRAUD ON THE COURT

Defendants, ROBERT F. DeLUCA, M.D., P.A. and ROBERT F. DeLUCA (hereinafter collectively referred to as Defendants), pursuant to Rule 56 and Local Rules 7.1(a) and 56.1, move for entry of summary judgment against Plaintiff, MELANIE ALLEN (hereinafter Plaintiff of Plaintiff ALLEN) and Defendants respectfully move this Court for the entry of an Order involuntarily dismissing the present action with prejudice and awarding sanctions for fraud on the Court perpetrated by the Plaintiff ALLEN and state as follows:

### I.      SUMMARY OF ARGUMENT

Plaintiff is a former salaried employee of Defendants who was properly compensated for all time worked. In the instant action, she claims she worked some unknown amount of hours of work per week above forty (40) hours for almost every workweek during an unspecified amount of time that she worked for Defendants without providing any evidence to demonstrate that she actually worked these hours. This is a particularly troublesome leap when all evidence that has been presented in this case suggests the contrary. Plaintiff's claim must fail as she is not able to establish a Fair Labor Standards Act violation as a matter of law.

## II.   STATEMENT OF MATERIAL UNDISPUTED FACTS

Pursuant to S.D. Fla. L.R. 56.1(a), Defendants are simultaneously filing a separate Statement of Material Undisputed Facts ("SOF") in support of this motion. The SOF is incorporated herein by reference. References to SOF in this motion and memorandum are to the separately numbered paragraphs of the SOF.

## III.   LEGAL ARGUMENT

### A. THE SUMMARY JUDGMENT STANDARD

Summary judgment is mandated where there is no genuine issue of material fact to be tried, and the moving party is entitled to judgment as a matter of law. *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1540 (11th Cir. 1990*); Early v. Champion Int'l Corp.*, 907 F.2d 1077, 10980 (11th Cir. 1990). Where there are no disputed material facts, summary judgment is an appropriate disposition for actions under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. *See Williams v. Jacksonville Terminal Co.*, 35 F.Supp 267, 268 (S.D. Fla. 1940).

To survive summary judgment, the opposing party must designate specific record evidence sufficient to establish each element of his or her own claim, such that a reasonable fact finder could find in that party's favor. *See Early*, 907 F.2d at 1080. The opposing party may not rest upon its pleading allegations but must instead set forth specific facts showing there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Kee*, 918 F.2d at 1540. A factual dispute is "genuine" only if the record taken as a whole could lead a rational trier of fact to find for the opposing party. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

### B. SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFF CANNOT DEMONSTRATE THAT SHE WORKED OVERTIME WITHOUT COMPENSATION

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., instructs that employers shall not employ any employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours ... specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1).

To recover on a claim for unpaid overtime wages, a plaintiff bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, reh'g denied, 329 U.S. 822 (1946); *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), cert. denied, 449 U.S. 1077 (1981). To meet this burden, Plaintiff must prove that she was suffered or permitted to work without compensation. "Courts have interpreted this to mean that a FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the [employer] knew or should have known of the overtime work." *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1314-15 (11th Cir. 2007) (emphasis added); *see also* 29 C.F.R. § 785.11 (interpreting the "suffer or permit to work" requirement to mean that an employer violates the FLSA when it "knows or has reason to believe that he is continuing to work and the time is working time.").

An employer's time records are the best evidence of an employee's work hours unless the employee puts forth plausible evidence to establish that the records are inaccurate and ought not to be relied upon. In situations where the employer has failed to keep records or the records cannot be trusted, the employee satisfies his burden of proving that he performed work without compensation if he "produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1314-16 (11th Cir. 2007). *See also Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir.

2013)..

Once an employee produces sufficient evidence to show the amount and extent of his work by just and reasonable inference, the burden then shifts to the employer to "bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Allen v. Bd. Of Pub. Educ*, 495 F.3d at 1316. *Anderson,* 328 U.S. at 686-87. However, a plaintiff cannot rely on speculation to create a just and reasonable inference nor to overcome the accuracy of an employer's time records. *See Jackson v. Corr. Corp. of America*, 606 Fed. Appx. 945 (11th Cir. 2015) and *Fairchild v. All American Check Cashing, Inc*., 815 F.3d 959 (5th Cir. 3/18/16) (citing *Ihegword v. Harris County Hospital District*, 555 Fed. Appx. 372 (5th Cir. 2014) [summary judgment appropriate where there is a complete lack of evidence other than employee's unsubstantiated assertions speculated from memory]. *See also Dixon v. First Choice Messengers, Inc.,* 2016 U.S. Dist. LEXIS 24728 (S.D. Tex. 2016). This is what Plaintiff ALLEN attempts to do here.

Like the plaintiffs in *Jackson* and *Ihegword*, Plaintiff ALLEN's "sufficient evidence" consists entirely of her own (entirely contradictory) testimony. Plaintiff ALLEN has no specific recollection of any week in which she worked 35 overtime hours in a week as alleged in her Interrogatory Responses and that her interrogatory answer as to overtime hours worked "may be off a little". See Ex A at 12, See Ex. B at 77. Further, she states the average work week listed in her interrogatories of 77.5 hours was not correct either, but, instead, was in the "ballpark" of the hours she worked; instead in her deposition she indicated that most weeks she worked over 40 hours, and that she may have worked 60 to 70 hours some weeks but she cannot provide any specific weeks when this occurred. Ex A at 12; Ex B at 54-55, 78. Admittedly, Plaintiff ALLEN

never kept track of her own hours Ex B at 76:7-22.[1] Yet, somehow without any independent factual support for her claims, Plaintiff Allen is able to calculate that she is owed for $5,104.40. In fact, when pressed in her deposition she admitted she did not do this calculation . Ex. A at 12; Ex. B at 39.

However, because Plaintiff ALLEN cannot establish a "just and reasonable" inference to support any of her claims, the burden never shifts to Defendants. She has no evidence, much less sufficient evidence, to establish that she was improperly compensated; neither can she establish the amount and extent of her weekly work hours given her lack of records and inability to recollect. Furthermore, an FLSA plaintiff's 'belief without any basis in ascertainable fact is not the type of admissible evidence required to survive a motion for summary judgment. *See, Gregory v. Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293 (S.D. Fla. 2014) *quoting Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1318 (11th Cir. 2011); *See also Arilus v. DiEmmanuele, Jr.*, 895 F.Supp.2d 1257, 1260-62 (S.D.Fla.2012) [granting summary judgment for FLSA defendant because the plaintiffs' only rebuttal evidence consisted of speculative testimony on unreported cash payments].

Even assuming these evidentiary deficiencies did not warrant entry of summary judgment in Defendants' favor, then the inconsistencies and contradictions between and among Plaintiff ALLEN's sworn answers to Interrogatories and her deposition testimony constitute one of the "rare circumstance[s] where the plaintiff relies almost entirely on [her] own testimony, much of which is contradictory and incomplete," and where "the facts alleged are so contradictory that doubt is cast upon their plausibility," such that "no reasonable juror could ever find in [her] favor."

---

[1] Rather, Plaintiff ALLEN's estimate is seemingly based off a rough schedule of hours in which she would come in before the office opened at 8AM, leave at close at 4PM, then return at 6:30 or 7 PM and stay until 11PM or so. See Ex B at 52-53.

*Skelly v. Okaloose Board of County Commissioners*, 415 Fed. Appx. 153(11th Cir. 2011); *Sandhuff v. Seitz*, 385 Fed. Appx. 939 (11th Cir. 2010) and *Rojas v. The Roman Catholic Diocese of Rochester*, 660 F.3d 98 (2d Cir. 2011). Further, the evident differences between Plaintiff ALLEN's Interrogatory responses and her deposition testimony along with the innumerable inconsistencies and contradictions in her testimony at deposition should be likened to a "sham affidavit" and treated in the same manner by the Court. *See, Rodriguez v. Jones Boat Yard, Inc.,* 435 F. App'x 885, 887 (11th Cir. 2011) and *Tippens v. Celotex Corp.,* 805 F.2d 949, 954 (11th Cir.1986).

This is not a case where Plaintiff ALLEN's inconsistencies and contradictions are insignificant and therefore, credibility determinations properly preserved for a jury. The types of inconsistencies and countless number of contradictions (even occurring within the same 2 hour deposition) affect key aspects of Plaintiff's claims and Defendants' defenses. As evidenced in the attached SOF, Plaintiff ALLEN could not provide consistent answers regarding the most basic aspects of an FLSA claims. Examples provided in SOF include:

- Plaintiff's Start/ End Date – Interrogatories and Complaint list specific dates / Plaintiff Allen at deposition could not even provide an approximate date or month.

- Average Hours Worked – Interrogatories indicate average of 77.5 hours / Plaintiff at deposition indicated over 40, may have worked 60 to 70.

- Rate of Pay: Interrogatories - $700 a week then increase to $800 a week / Plaintiff at deposition indicated always $800.

SOF ¶¶ 3,4. Accordingly, even after drawing all inferences in a light most favorable to Plaintiff Allen, there is no jury that could reasonably rule in Plaintiff's favor after considering her inherently inconsistent, repeatedly contradictory, implausible and ever wavering testimony on the key issues in this case. Resultingly, the Court should grant summary judgment in Defendants' favor and

against Plaintiff as she is not be able to establish a FLSA violation as a matter of law.

### IV.     MOTION TO DISMISS FOR FRAUD ON THE COURT

The universally cited case for the standard for dismissal for fraud on the court is *Aoude v. Mobil Oil Corp.,* 892 F.2d 1115 (lst Cir. 1989). The Court stated that:

> A "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.

*Id.* at 1118. Courts in the 11th Circuit have followed this standard in determining whether dismissal as a sanction is appropriate. *See Vargas v. Peltz,* 901 F. Supp. 1572 (S.D. Fla. 1995); *McDowell v. Seaboard Farms of Athens, Inc.*, 1996 WL 684140 (M.D. Fla); *Hornbuckle v. Woods*, 2007 WL 781901 (N.D. Fla.).

Federal courts have not hesitated to dismiss suits where evidence or testimony has been fabricated or justice obstructed. In *Vargas v. Peltz*, 901 F. Supp. 1572 (S.D. Fla. 1995), the plaintiff asserted claims of sexual harassment and retaliation after she was terminated from employment. During her deposition in the case, plaintiff produced a pair of panties from her purse and testified that the defendant had given her the panties and asked her to pose in them in a manner like that of a photograph he allegedly gave her at the same time. The problem was, the panties were not even made by the maker until over a year after plaintiff claimed defendant had given them to her. *Id.* at 1575-76. The district court dismissed the case for fraud, finding that plaintiffs enhancement of her case by the production of panties, as well as other untruthful testimony, was more than enough to warrant the ultimate sanctions. *Id.* at 1579.

Like the plaintiff in *Vargas*, Plaintiff ALLEN has fabricated the most material elements of her case, namely the timeframe employed and hours worked, by providing false interrogatories

including made-up list of hours worked and overtime hours to enhance her case and to deceive Defendants, this Court, and, ultimately, the trier of fact. Plaintiff ALLEN itemized her damages both in her Complaint and interrogatories providing an breakdown in these documents down to the penny. See e.g. *In re: Amtrack "Sunset Limited" Train Crash in Bayou Canot, Alabama on September 22, 1993*, 136 F. Supp. 2d 1251, 1258 (S.D. Ala. 2001) (Fraud on the court occurred where plaintiff gave false answers to initial interrogatories and then failed to tell the whole truth in the second set. "...[W]ere it not for the thoroughness of defendants' trial preparation, the truth might have never been brought to the attention of the court.") Like the plaintiff in *Amtrack*, Plaintiff ALLEN has yet to come clean regarding her overtime hours. Plaintiff ALLEN would have the trier-in-fact, just as she has had the Defendants - simply guess at whether or when she worked uncompensated overtime based on numerous fabricated accounts provided in her deposition, interrogatories and complaints.

The evidence put forth by Plaintiff ALLEN and maintained throughout this proceeding was calculated and went to the very heart of the case. To this end, she submitted lists of overtime and hours worked as well as went through a calendar with the undersigned counsel at her deposition. These documents are central to his case because by her own statements she has no recollection of her actual dates worked, and on which dates she worked which hours. SOF ¶4. While Defendants were diligent in discovering and putting forth as much objective evidence as it could that Plaintiff Allen did not work overtime, Defendants are at an extreme disadvantage to repeatedly disprove fabricated accounts that change each time Plaintiff ALLEN is asked.

Plaintiff and her counsel should be sanctioned for attempting to perpetrate a fraud upon the Defendants, and by extension, this Court. It is well-settled that "[l]itigants must know that the courts are not open to persons who would seek justice by fraudulent means."

*Vargas*, 901 F. Supp. at 1582. Sanctions under the federal court's inherent power can include dismissal of the lawsuit. *Gonzalez v. Business Representation Intern., Inc.*, 248 F.R.D. 644, 646 (S.D. Fla. 2008). In cases in which dismissal is appropriate, such a severe sanction is not merely meant to penalize, but also to deter bad conduct during discovery. Gonzalez, 248 F.R.D. at 646. Parties who offer evasive interrogatory answers and deposition testimony that omits relevant information invite sanctions. *Gonzalez*, 248 F.R.D. at 646.

Sanctions available under a court's inherent power also include the assessment of attorneys' fees. *Allapatah Servs. Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1373 (court would impose attorneys' fees against Exxon under its inherent powers for Exxon's bad faith conduct); *see also Quantum Commc'ns Corp. v. Star Broadcasting, Inc.*, 413 F. Supp. 2d 1249, 1277 (S.D. Fla. 2007) (awarding reasonable attorneys' fees and costs for plaintiff's acts of fraud upon the court including perjury).

The evidence shows that Plaintiff  has engaged, and continues to engage, in a pattern of false representations in order to perpetrate a fraud on Defendants in an effort to collect wages for work they did not do. Plaintiff, both through her testimony and her counsel's representations, has shown she will say whatever she deems necessary to further her unjust cause without regard for the truth. In other words, both Plaintiff and her counsel have not come to this Court in the pursuit of truth and justice, but instead are either improperly using this Court as an instrumentality for committing a fraud (in the case of Plaintiff) or deliberately ignoring and/or participating in said fraudulent misrepresentations in the case of Plaintiff's counsel. Defendants request that this Court dismiss Plaintiff's claim and award attorney fees and award any other appropriate sanctions that this Court

deems just and proper under the peculiar and troubling facts of this case.

## V.    CONCLUSION

As demonstrated above, there are no genuine issues of disputed material fact. Accordingly, Defendants submit that when the relevant case law is applied to the well-developed record evidence in this case, the only conclusions that a reasonable trier of fact could reach are that Plaintiff cannot establish by just and reasonable inference the amount and extent of her overtime work. Indeed, the entirely of Plaintiff's claim is founded on speculation and her own inherently inconsistent and contradictory testimony, which no reasonable jury would accept.

Additionally, Plaintiff ALLEN's conduct, which has interfered with the Defendants' ability to present their case and this Court's ability to fulfill its obligation that truthful, competent evidence be put forth before the trier of fact to reach a just and equitable decision should not be permitted to continue. Plaintiff ALLEN has lost his right to have a jury determine her truth and veracity. Plaintiff's case should be dismissed for fraud on the court.

WHEREFORE, Defendants respectfully request that this Court enter an order granting this motion in its entirety, grant this motion for summary judgment, involuntarily dismiss Plaintiff's action with prejudice, impose sanctions against Plaintiff and Plaintiff's counsel for their fraud on the Court, award Defendants their attorneys' fees, and award any further relief that this Court deems just and proper.

Respectfully Submitted: April 19, 2019

By: /s/ Joseph G. Sconzo
JOSEPH G. SCONZO, ESQUIRE
Florida Bar No.: 0508720
The Law Office of Joseph G. Sconzo, P.A.
250 South Central Blvd, Suite 201
Jupiter, FL 33458
Telephone: (561) 781-3000
Facsimile: (561) 781-3001

By: /s/ Gregory S.  Sconzo
Gregory S. Sconzo, Esq.
Florida Bar No.: 0105553
The Law Office of Gregory S. Sconzo, P.A.
5080 PGA Boulevard, Suite 213
Palm Beach Gardens, FL 33418
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

CASE NO. 9:18-cv-81265-WPD

Primary Email: jgs@joesconzo.com          Service Email: sconzolaw@gmail.com
Secondary Email:                          Email: greg@sconzolawoffice.com
josephgsconzolaw@gmail.com                Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF

on this 19th day of April, 2019 on all counsel or parties of record on the Service List below.

By: /s/ Joseph G. Sconzo              By: /s/ Gregory S.  Sconzo
JOSEPH G. SCONZO, ESQUIRE             Gregory S. Sconzo, Esq.
Florida Bar No.: 0508720              Florida Bar No.: 0105553
The Law Office of Joseph G. Sconzo, P.A.   The Law Office of Gregory S. Sconzo, P.A.
250 South Central Blvd, Suite 201     5080 PGA Boulevard, Suite 213
Jupiter, FL 33458                     Palm Beach Gardens, FL 33418
Telephone: (561) 781-3000             Telephone: (561) 729-0940
Facsimile: (561) 781-3001             Facsimile: (561) 491-9459
Primary Email: jgs@joesconzo.com      Service Email: sconzolaw@gmail.com
josephgsconzolaw@gmail.com            Email: greg@sconzolawoffice.com

## Service List

Philip Michael Cullen, III
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone: (954) 462-0600
Facsimile: (954) 462-1717
Email: CULLENIII@aol.com
Attorney for Plaintiff

Joseph G. Sconzo, Esq.
The Law Office of Joseph G. Sconzo, P.A.
250 South Central Blvd., Suite 201
Jupiter, FL 33458
Telephone: (561) 781-3000
Facsimile: (561) 781-3001
Primary Email: jgs@joesconzo.com
Email: josephgsconzolaw@gmail.com
Attorney for Defendant

Gregory S. Sconzo, Esq.
The Law Office of Gregory S. Sconzo, P.A.
5080 PGA Boulevard, Suite 213
Palm Beach Gardens, FL 33418
Telephone: (561) 729-0940

CASE NO. 9:18-cv-81265-WPD

Facsimile: (561) 491-9459
Service Email: sconzolaw@gmail.com
Email: greg@sconzolawoffice.com
Attorneys for Defendant