UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81265-CIV-DIMITROULEAS

MELANIE ALLEN,

      Plaintiff,

vs.

ROBERT F. DeLUCA, M.D., P.A., and
ROBERT F. DeLUCA,

      Defendants.

_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGEMENT

THIS CAUSE is before the Court on Defendants' Motion for Summary Judgement [DE 37], filed herein on April 19, 2019. The Court has carefully considered the Motion, the Statements of Fact [DE 38, 40-1],[1] the Response brief [DE 40], the Reply brief [DE 47], and is otherwise fully advised in the premises. There are material issues of fact precluding summary judgment, so Defendants' Motion is denied.

## I.      BACKGROUND[2]

Plaintiff Melanie Allen ("Allen" or "Plaintiff") initiated this action on September 19, 2018 against Defendants Robert F. DeLuca, M.D., P.A. ("DeLuca, P.A.") and Robert F. DeLuca ("DeLuca") (collectively, "Defendants") for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). [DE 1]. On February 5, 2019, the Court granted

---

1 The Court refers to Defendants' Statement of Facts as DSOF and Plaintiff's Statement of Facts as PSOF. The Statements of Fact and responses thereto include various citations to specific portions of the record. Any citations herein to the statements of facts and responses thereto should be construed as incorporating those citations to the record.

2 All statements in the Background section are derived from uncontested portions of the parties' respective Statements of Material Facts and supporting materials, unless otherwise noted.

Defendant's Motion to Dismiss [DE 18], finding that Plaintiff's Complaint failed to specify how long Plaintiff worked for Defendants, how many hours per week she worked while employed by Defendants, or any allegations related to the amount of unpaid overtime. *See* [DE 28]. The Complaint also failed to provide sufficient facts about Defendants' business and what Plaintiff did as an employee of Defendants' business. *See id.* On February 19, 2019, Plaintiff filed the Amended Complaint ("AC") to cure the deficiencies outlined in the Court's Order on Motion to Dismiss [DE 28]. On March 8, 2019, Defendants filed a Motion to Dismiss Plaintiff's AC [DE 32], arguing that Plaintiff's amended pleading still fell short of the standards of pleading. The Court found the AC was adequately plead and denied the Motion to Dismiss. *See* [DE 43].

The operative pleading is the AC. DeLuca owned and operated DeLuca, P.A., where he practiced medicine until November 27, 2018, when DeLuca, P.A. closed. DSOF, PSOF ¶7. Plaintiff alleges that she worked for DeLuca, P.A. from November 11, 2017 to June 3, 2018; Defendants allege Plaintiff worked for DeLuca, P.A. from early December 2017 to June 4, 2018.[3] DSOF ¶¶ 7(a), (d), PSOF ¶ 9. Defendants state that Plaintiff has failed to allege what weeks and hours she worked with any specificity, including the dates her employment began and ended. DSOF ¶¶ 5(a), (b)(1), (e). Plaintiff does not dispute that, at the time of her deposition, she could not recall exact dates, but denies that she is unable to provide dates and hours that she worked overtime. *Id.* Additionally, Defendants maintain that Plaintiff started her employment as a part-time employee and became full-time in early January 2018; Plaintiff denies these

---

[3] Defendants state that, collectively, the payment records indicate Plaintiff began her employment in early December 2017. DSOF ¶¶ 7, 7(a). However, Defendants' citation to the record does not clearly indicate what day and month Plaintiff began her employment, only that she was listed as an employee on a payroll record with the quarter end date listed December 31, 2017. [DE 38-5, p. 22].

allegations. DSOF, PSOF ¶¶ 7(a), (b).

During her employment, Plaintiff was paid a salary, which initially was $700.00 per week and then later raised to $800.00 per week, although the parties dispute when the raise occurred. DSOF, PSOF ¶¶ 4(b), 7(c). All DeLuca, P.A. employees were salaried. DSOF, PSOF ¶ 7(e). Plaintiff claims that, on occasion, she received bonuses for "a good week's work." DSOF, PSOF ¶ 5(h)(4); PSOF ¶ 18. Plaintiff further alleges that DeLuca, P.A. originally paid Plaintiff in cash until or around the pay period beginning March 26, 2018, when Plaintiff began receiving checks. PSOF ¶ 14. However, Plaintiff states Defendants have no records showing the admitted cash payments. PSOF ¶ 16.

Plaintiff alleges that she worked in excess of 40 hours while employed at DeLuca, P.A., and on average, worked 75-80 hours per week. DSOF, PSOF ¶ 4(a). Specifically, Plaintiff alleges that, except for her first week, a second week when DeLuca was out of town, and a two-and-a-half-week period where she was no longer employed by Defendants, Plaintiff consistently worked over 40 hours. DSOF, PSOF ¶¶ 5(d), (f). Plaintiff further alleges that DeLuca was aware Plaintiff worked overtime and specifically directed Plaintiff to do so. PSOF ¶ 20. Plaintiff claims she was the only employee working during the hours she worked overtime. DSOF, PSOF ¶ 5(g).

Conversely, Defendants claim that Plaintiff never worked more than 40 hours a week. DSOF ¶ 2. Furthermore, Defendants allege that employees were only asked to be present at the office during the hours of the operation, Monday through Friday 9 a.m. to 4 p.m., which later changed to 9 a.m. to 3:30 p.m. DSOF ¶ 7(e). Defendants attest that employees Francesca Baly and Monique Morrison, in sworn affidavits, state that no employee was ever asked to come early, stay late, work weekends, or otherwise work over 40 hours a week. DSOF ¶¶ 6(d), (e).

3

Additionally, those employees claim they frequently observed Plaintiff arriving late and leaving early; Plaintiff claims the allegations from employee affidavits are irrelevant and are otherwise denied. PSOF, DSOF ¶¶ 6(d), (e), (f). Critically, neither Plaintiff nor her employer kept time records. DSOF, PSOF ¶ 5(b)(2); PSOF ¶ 12.

Plaintiff claims she was never paid overtime wages during her employment at DeLuca, P.A. PSOF ¶ 21. Plaintiff calculates that she was owed an average of 35 hours of overtime a week, totaling $5,104.40 in unpaid wages. DSOF, PSOF ¶ 4(c).

Defendants argue that they are entitled to summary judgment because Plaintiff cannot establish a violation of the FLSA because she has not shown that she worked overtime without compensation. The Court finds that material issues of fact preclude summary judgment. Issues of credibility are for the jury, not the undersigned.

## I.    STANDARD OF REVIEW

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted).  Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of*

*Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

## II.   DISCUSSION

Defendants move for summary judgment on Plaintiff's FLSA claim alleging that she cannot establish that she worked overtime without compensation. In particular, Defendants argue that Plaintiff provides only her own inconsistent testimony concerning the number of hours worked, start and end dates, and the rate of pay.

Generally, employers must pay employees overtime for hours worked in excess of forty (40) hours per week. The general provision of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce in the production of goods for commerce, for a work week longer than forty hours unless such employee received compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207 (a)(1).

Plaintiff must demonstrate that (1) she worked overtime without compensation and (2)

her employer knew should have known of the overtime work. *See Reich v. Dep't of Conservation and Nat. Res.*, 28 F.3d 1076, 1081–82 (11th Cir.1994); *see also* 29 C.F.R. § 785.11 (interpreting the "suffer or permit to work" requirement to mean that an employer violates the FLSA when it "knows or has reason to believe that he is continuing to work and the time is working time."). Here, Plaintiff alleges that she worked more than forty hours without compensation and that Defendants knew that she was working overtime. Defendants contest that Plaintiff ever worked overtime for any given week. Defendants argue that Plaintiff provides inconsistent testimony; this is an argument for the jury. Plaintiff consistently alleges that she worked more than forty hours without being compensated, and Defendants contest this allegation. Working more than forty hours per week is a material element of this claim, and it is contested by the parties; therefore, summary judgment is inappropriate.

"It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)). The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and "[e]mployees seldom keep such records themselves*." Id.*

Where, as here, the employer does not have time records, the Supreme Court held "that an employee has carried out [her] burden if [s]he proves that [s]he has in fact performed work for which [s]he was improperly compensated and if [s]he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.*

The reasonableness, the credibility, of the hours Plaintiff alleges is a question for the jury.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

Defendants also move to dismiss, arguing that Plaintiff has committed a fraud on the Court. Defendants argue that Plaintiff has fabricated the material elements of her claim, namely the timeframe employed and hours worked, by providing a made-up list of hours worked and overtime hours. Defendants argue that "Plaintiff and her counsel should be sanctioned for attempting to perpetuate a fraud upon the Defendants, and by extension, this Court." [DE 37 at p.8]. The Court notes that there are inconsistencies in Plaintiff's record testimony but cannot opine on Plaintiff's credibility or weigh evidence on summary judgment because these are determinations for the trier of fact. As a sanction, Defendants ask the Court to dismiss the case and award attorneys' fees. Defendants can file a separate motion for sanctions against Plaintiff and Plaintiff's counsel, which will be referred to Magistrate Judge Snow for appropriate disposition.

## I.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment and Motion to Dismiss for Fraud on the Court [DE 37] is hereby **DENIED**;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of June, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

All Counsel of Record