UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-81265-Dimitrouleas/Matthewman

Melanie Allen,

    Plaintiff,

v.

Robert F. DeLuca, M.D., P.A., and,
Robert F. DeLuca,

    Defendants.

_____/



FILED BY_____ D.C.

OCT 29 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS [DE 80]**

THIS CAUSE is before the Court upon Plaintiff Melanie Allen's Motion for Sanctions [DE 80]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. *See* DE 87. Plaintiff filed her motion on August 25, 2019. Defendant responded on September 16, 2019 [DE 91]. Plaintiff filed a Reply to Defendant's Response on September 27, 2019 [DE 95]. This matter is ripe for review. For the reasons that follow, Plaintiff's Motion for Sanctions [DE 86] is DENIED.

### I. Background

This case concerns an action to recover overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201. Plaintiff filed suit on September 19, 2018. The case proceeded to a bench trial and Plaintiff prevailed. During the pretrial stage and at trial, Plaintiff was represented by attorney Philip Michael Cullen, III. Defendants were represented by attorneys Gregory S. Sconzo and Joseph G. Sconzo (collectively, "Defendants' Counsel"). Plaintiff now seeks sanctions against

Defendants' Counsel under 28 U.S.C. § 1927.[1]

According to Defendants' Counsel, after Plaintiff filed suit, Defendants met with and retained them as counsel on October 11, 2018. [DE 91, p.3]. Defendants informed Defendants' Counsel that Plaintiff had "never worked a single hour of overtime" and "provid[ed] the names of fellow employees of Plaintiff who verified the business hours" of Defendants' business "and that no employee worked overtime." *Id.* Defendants' Counsel then investigated Defendants' claim by obtaining the affidavit of Defendants' office manager and witness statements from Plaintiff's coworkers. *Id.* After that, although the parties discussed resolution of the case, Plaintiff's settlement offer was "emphatically rejected" by Defendants. [DE 91, p. 3].

Defendants' Counsel then, based on their assessment of the merits of the case, sent a letter to Plaintiff's attorney, Philip Michael Cullen, III, that advised that they believed Plaintiff's case was without merit, explained their reasons for believing so, and stated that Defendants would permit Plaintiff to withdraw her complaint before Defendants responded to it and before Defendants pursued all available remedies, including sanctions under Fed. R. Civ. P. 11. *Id.* at p. 4.

Defendants' Counsel then filed a motion to dismiss [DE 18], which the Court granted without prejudice [DE 28]. Ultimately, Plaintiff adequately amended her complaint [DEs 29, 43], and the case proceeded toward a bench trial. After discovery, Defendants' Counsel, based on additional affidavits from Defendants' employees, filed a motion for summary judgment [DE 37]. Because of Plaintiff's "inconsistent testimony to her written discovery responses, as well as

---

[1] Plaintiff's counsel incorrectly cites "18 U.S.C. § 1972" in Plaintiff's motion [DE 80, p. 1].

2

between questions within the same deposition," Defendants' Counsel titled their motion for summary judgment as a motion to dismiss "for fraud on the court." [DE 91, p. 4]. The Court ultimately denied the motion. [DE 51].

Accordingly, the case proceeded to a bench trial on July 3, 2019, before the Honorable United States District Judge William P. Dimitrouleas. [DE 61]. At the conclusion of the bench trial, Judge Dimitrouleas found in Plaintiff's favor, holding on July 9, 2019, that Defendants had failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act. [DE 62]. One month later, on August 25, 2019, Plaintiff filed the instant motion for sanctions [DE 80].

## II. Plaintiff's Pending Motion for Sanctions [DE 80]

Plaintiff argues the Court should sanction Defendants' Counsel because "[h]aving read the complaint," they "did not take the statements in it as true and file an answer admitting liability." [DE 80, p. 6]. She contends that Defendants' Counsel should not have trusted their client "and his minions" and "would have lost nothing had [they] kept their threats to themselves. Having not done so, [Defendants' Counsel] should be required to pay for their misconduct." [DE 80, p. 7].

Defendants' Counsel vehemently oppose Plaintiffs' motion, arguing that Plaintiff's motion is meritless as they were merely providing their client with competent and zealous representation.

## III. Discussion and Analysis

Plaintiff seeks sanctions against Defendants' Counsel under both 28 U.S.C. § 1927 (which Plaintiff's counsel incorrectly cited as "18 U.S.C. 1972") and this Court's inherent power. Thus, the Court will address both theories.

28 U.S.C. § 1927 provides that

> [a]ny attorney . . . who so multiplies the proceedings in any case unreasonably

3

and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Importantly, § 1927 "is not a catch-all provision for sanctioning objectionable conduct by counsel." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Rather, the United States Court of Appeals for the Eleventh Circuit has explained that for the Court to award sanctions against a party's attorney, three requirements must be met. First, the "attorney must engage in unreasonable and vexatious conduct." *Id.* Second, that "conduct must be conduct that multiplies the proceedings." *Id.* And "[f]inally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.*

An attorney engages in "unreasonable and vexatious conduct" "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citation omitted). "A determination of bad faith is warranted where an attorney knowingly and recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

District courts are also inherently empowered to regulate litigation and sanction both litigants and their counsel for abusive conduct. *Spolter v. Suntrust Bank*, 403 Fed.Appx. 387, 390 (11th Cir. 2010). Just like sanctions under 28 U.S.C. § 1927, "[i]nvocation of a court's inherent powers requires a finding of bad faith." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). "Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous

argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Bernal v. All Am. Inv. Realty, Inc.*, 479 F.Supp.2d 1291, 1335 (S.D. Fla. 2007). Before the Court may impose sanctions, it must determine by clear and convincing evidence that a litigant or counsel have acted in bad faith. *In re Brican Am. LLC Equip. Lease Litig.*, 977 F.Supp.2d 1287, 1300 (S.D. Fla. 2013) (internal citations omitted). Finally, the bad faith inquiry focuses "primarily on the conduct and motive of a party, *rather than on the validity of the case.*" *Barash v. Kates*, 585 F.Supp.2d 1347, 1362 (S.D. Fla. 2006) (emphasis added).

Plaintiff's motion for sanctions centers around two "acts" that she argues were made in bad faith such that the Court should impose sanctions on Defendants' Counsel under either 28 U.S.C. § 1927 or the Court's inherent power. First, Defendants' Counsel's letter to Plaintiff's attorney in which they advised her that they could seek Rule 11 sanctions against her if Plaintiff's complaint was found to be meritless. And second, Defendants' Counsel's representation of Defendants throughout this case as a whole. The Court finds that neither is an appropriate or sufficient basis for sanctions.

The Court finds that Plaintiff's motion [DE 80] fails under both 28 U.S.C. § 1927 and this Court's inherent power. The Court flatly rejects Plaintiff's request for sanctions. Plaintiff seeks sanctions against Defendants' Counsel for, in effect, agreeing to represent Defendants and doing so in a manner with which Plaintiff disagrees. The mere fact that Plaintiff ultimately prevailed at trial on her overtime claim is in no way a finding that Defendants' Counsel engaged in the type of "bad faith" required for the imposition of sanctions. Comment 1 to Florida Rule of Professional Responsibility 4-3.3, which applies to both Plaintiff's counsel and Defendants' Counsel, explains that it is every attorney's duty to:

present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client is qualified by the advocate's duty of candor to the tribunal. *However, an advocate does not vouch for the evidence submitted in a cause; the tribunal is responsible for assessing its probative value.*

(emphasis added). Surely if Defendants had instead prevailed at trial, Plaintiff would not agree to the imposition of sanctions against Plaintiff's counsel for ultimately failing to prevail or for litigating the case strenuously. The Court will not now do so against Defendants' Counsel merely for zealously representing their clients. Plaintiff's motion for sanctions [DE 80] is, quite frankly, baseless. The motion [DE 80] is DENIED.

## IV. Conclusion

This was a simple FLSA case which proceeded to a three hour bench trial and resulted in a judgment in favor of Plaintiff in the total amount of $4,593.32, including liquidated damages. The parties' counsel, or at least some of them, have apparently, and unfortunately, taken this case far too personally. The instant motion can best be described as a petty squabble among counsel. There is absolutely no basis for this Court to impose sanctions against Defendants' Counsel. Further, Defendants' request for sanctions against Plaintiff's counsel, contained in Defendants' response [DE 91, p. 12], is also rejected. In light of the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Sanctions [DE 80] is **DENIED**.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of October, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge